UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

April 1, 2022

LETTER TO COUNSEL:

RE:     *Larry W. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
        Civil No. TJS-21-693

Dear Counsel:

On March 18, 2021, Plaintiff Larry W. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 16. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Larry W. protectively filed his application for DIB on February 17, 2019, alleging a disability onset date of July 19, 2014. Tr. 10. His application was denied initially and upon reconsideration. *Id.* Larry W. requested an administrative hearing, and a telephonic hearing was held on July 28, 2020, before an Administrative Law Judge ("ALJ"). Tr. 29-46. In a written decision dated September 10, 2020, the ALJ found that Larry W. was not disabled under the Social Security Act. Tr. 7-28. The Appeals Council denied Larry W.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Larry W.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Larry W. had not engaged in substantial gainful activity from the alleged onset date of July 19, 2014, through the date last insured of December 31, 2019. Tr. 12. At step two, the ALJ found that, through the date last insured, Larry W. suffered from the following severe impairments: hemorrhoids, disorder of the right shoulder, obesity, and disorders of the cervical spine and lumbar spine. Tr. 13. At step three, the ALJ found that, through the date last insured, Larry W.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R.,

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On February 17, 2022, it was reassigned to Judge Hurson. On February 28, 2022, it was reassigned to me.

Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 13-15. The ALJ determined that, through the date last insured, Larry W. retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant was limited to occasional pushing and pulling. The claimant could sit no longer than 30 minutes before standing. The claimant could stand and walk about six hours with normal breaks. The claimant had to avoid crawling and climbing ladders, ropes, and scaffolds, but he could perform other postural movements on an occasional basis. The claimant had to avoid fast-paced tasks such as assembly line jobs involving production quotas. The claimant was limited to frequent reaching. The claimant had to avoid working around hazards such as moving dangerous machinery and unprotected heights. The claimant had to avoid concentrated exposure to respiratory irritants and extreme temperatures and humidity. The claimant's work environment needed to have close proximity to an accessible restroom such as in an office setting on the same floor.

Tr. 15.

At step four, the ALJ determined that, through the date last insured, Larry W. was unable to perform past relevant work. Tr. 22. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that, through the date last insured, there were jobs that existed in significant numbers in the national economy that Larry W. could have performed, including mail sorter, office helper, ticket seller, addressing clerk/envelope addresser, callout operator/information clerk, and telephone information clerk. Tr. 23-24. Accordingly, the ALJ found that Larry W. was not disabled under the Social Security Act from July 19, 2014, through December 31, 2019. Tr. 24.

Larry W. argues that this case must be remanded for further proceedings because (1) the ALJ did not provide a narrative discussion that explained how the evidence supported the ALJ's conclusions; (2) the ALJ did not evaluate properly pertinent evidence; and (3) the ALJ did not properly evaluate his subjective complaints. ECF No. 13-1 at 3-17. For the reasons discussed below, however, these arguments are unavailing.

First, Larry W. argues that the ALJ failed to provide a narrative discussion stating how the evidence of record supported each conclusion. ECF No. 13-1 at 12-15. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). Meaningful review is frustrated (and remand necessary) only when the Court is

2

unable to fathom the rationale in relation to evidence in the record. *Britt v. Saul*, 860 F. App'x 256, 262 (4th Cir. 2021).

The ALJ's decision contains a detailed discussion of the evidence of record, including Larry W.'s subjective reports of his condition over time, his reported daily activities, treatment notes containing observations of his condition over time, and medical opinions. Tr. 13-22. In addition to summarizing the evidence and explaining the weight that the ALJ assigned to it, the ALJ also explained how the evidence translated into the ALJ's RFC determination. Tr. 21-22. Contrary to Larry W.'s argument, the ALJ's explanation is sufficient for this Court to conduct its review. Because the ALJ explained how he weighed and considered the evidence, and because substantial evidence supports the ALJ's findings, Larry W.'s argument on this point is without merit.

Further, in assessing RFC, the ALJ must discuss a claimant's "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)" and must "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96-8p, 1996 WL 374184, at *7. In connection with the ALJ's detailed discussion of the evidence, and after citing the relevant regulations and policy interpretation ruling (Tr. 12), the ALJ determined the work activities that Larry W. can perform on a full-time basis. "[B]y restricting [Larry W.] to light work, the ALJ necessarily accounted for [Larry W.'s] problems with standing and walking." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *3 (D. Md. Feb. 8, 2021). Substantial evidence thus supports the ALJ's RFC determination.

Second, Larry W. contends that remand is warranted because the ALJ failed to evaluate properly pertinent evidence. ECF No. 13-1 at 15-17. He argues that "the objective medical evidence fails to support [the ALJ's] finding that [he] had no limitations upon his abilities to stand and walk" and that the ALJ "failed to properly evaluate [his] right shoulder condition." *Id.* at 16. The Court, however, does not reweigh such evidence. *See Britt*, 860 F. App'x at 260-61. Larry W.'s argument is thus without merit.

Last, Larry W. argues that the ALJ did not properly evaluate his subjective complaints. ECF No. 13-1 at 3-10. He first contends that the ALJ "erroneously required [him] to prove the type and degree of his subjective complaints by objective medical evidence, and determined that he had not done so." *Id.* at 6. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar.

16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Larry W.'s subjective complaints. The ALJ first found that Larry W.'s medically determinable impairments could reasonably be expected to cause his alleged symptoms. Tr. 16. The ALJ then proceeded to consider Larry W.'s allegations in concert with the other evidence in the record, including Larry W.'s statements about his symptoms over time, his daily activities, his treatment history, the opinion evidence, and the objective evidence in the record. Tr. 13-22. In considering the totality of the evidence, the ALJ explained his finding that Larry W.'s statements about the severity of his symptoms could not be completely reconciled with other persuasive evidence. *Id.* Weighing all of the evidence, the ALJ found that Larry W.'s impairments are not disabling and that he can perform work with the limitations contained in the RFC.

"Where the ALJ did consider [Larry W.'s] full treatment history, as is clear here, it is not proper on appeal for the Court to reweigh such evidence." *Carollyn S. v. Kijakazi*, Civil Action No. ADC-20-2552, 2021 WL 4170431, at *9 (D. Md. Sept. 14, 2021). "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Larry W.'s] alleged symptoms with objective evidence as just one component of the assessment." *Jai P.*, 2021 WL 424469, at *2 (citation omitted). "Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [Larry W.'s] symptoms, this argument is without merit." *Id.* The Court is satisfied that the ALJ built an accurate and logical bridge from the evidence to his conclusion that Larry W.'s testimony was not fully credible. *See Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020).

Larry W. also argues that the ALJ erroneously relied on his daily living activities in evaluating his subjective complaints. ECF No. 13-1 at 6-10. "If the ALJ had rejected [Larry W.'s] subjective complaints merely because of his activities of daily living, this case would be subject to remand." *Jai P.*, 2021 WL 424469, at *3 (citing *Arakas*, 983 F.3d at 101). "But a review of the ALJ's decision makes clear that the ALJ considered [Larry W.'s] activities of daily living as just one factor relevant to the evaluation of his subjective complaints." *Id.* Larry W.'s argument on this point is unavailing as well.

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Larry W.'s Motion for Summary Judgment (ECF No. 13) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 16) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge